UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IATSE LOCAL 38 AND LOCAL 812
PENSION FUND, TRUSTEES OF

        Plaintiff,                       Case No.

v.                                              Hon.

MUSIC HALL CENTER FOR THE
PERFORMING ARTS, INC., a
Michigan corporation,

        Defendant.
_____/

## COMPLAINT

1. This is an action brought by the trustees and fiduciaries of a jointly administered, multi-employer pension fund under Sections 502 and 515 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§1132 and 1145, and Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. §185, to collect, *inter alia*, fringe benefit contributions.

## JURISDICTION

2. Federal subject matter jurisdiction is based upon Section 301(a) of the LMRA, 29 U.S.C. §185(a), and Sections 502 and 515 of ERISA, 29 U.S.C. §§1132 and 1145.

1

## PARTIES

3. The Fund maintains its principal office and place of business in Bingham Farms, Michigan. The Fund receives contributions from various employers pursuant to the terms of collective bargaining agreements (CBAs) with IATSE Local 38. The Trustees of the Fund are plaintiff; plaintiff Trustees are fiduciaries of the Fund.

4. Music Hall Center for the Performing Arts, Inc. is a Michigan corporation that does business in Detroit, Michigan. Its resident agent is Cameron Duncan and its registered office is 350 Madison Avenue, Detroit, Michigan 48226. Defendant is an employer within the meaning of §301(a) of the LMRA, 29 U.S.C. §185(a), and Section 3(5) of ERISA, 29 U.S.C. §1002(5).

## DEFENDANT'S FRINGE BENEFIT CONTRIBUTIONS AND CBA OBLIGATIONS

5. Defendant became bound to the September 1, 2007 to August 31, 2010 CBA with IATSE Local 38 which is attached as Exhibit 1. The CBA remains in effect pursuant to the evergreen clause of that agreement. (Ex. 1 at 8).

6. The CBA sets forth the wages, hours and other terms and conditions of employment of bargaining unit employees (BUEs). Among the provisions contained in the CBA are requirements that defendant remit pension contributions for work done by the IATSE Local 38 BUEs. (Ex. 1 at 7).

7. Under the CBA, pension contributions equal ten percent (10%) of each

employee's gross wages are to be paid to the Fund for covered work performed by each BUE. (Ex. 1 at 7). These pension contributions are to be paid to the Fund no later than seven (7) calendar days after the wages are paid. (*Id.*).

### BREACH OF ERISA, THE CBA AND PPA

8. For the period from December 31, 2015 to the July 1, 2018, defendant employed BUEs who were covered by the terms of the CBA.

9. As a result of work performed by its BUEs from December 31, 2015 to the July 1, 2018, defendant owes pension contributions to the Fund totaling $16,450.99. The computation of contributions owed for this period is attached as Exhibit 2.

10. In 2018, plaintiff and defendant entered into a payment plan agreement (PPA) which is attached as Exhibit 3. The PPA included a five (5) month installment payment plan for unpaid contributions from December 31, 2015 to November 4, 2017, totaling $23,426.01. (*Id.*).

11. Defendant breached the PPA by failing to pay $2,895.01 in contributions.

12. Defendant's breach of the PPA, entitles plaintiff to recover interest and attorneys' fees. (Ex. 3 at 2).

13. Additionally, defendant owes $13,555.98 in contributions for works performed from November 5, 2017 to July 1, 2018.

14. Defendant continues to accrue interest, double interest or liquidated damages, and attorneys' fees and costs for the $16,450.99 in unpaid contributions from December 31, 2015 to July 1, 2018.

## COUNT I

## VIOLATION OF ERISA FOR FAILURE TO MAKE FRINGE BENEFIT CONTRIBUTIONS

15. Plaintiff incorporates by reference the preceding allegations of the Complaint.

16. Section 515 of ERISA provides:

> Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement, shall, to the extent not inconsistent with the law, make such contributions of such plan or such agreement.

17. Section 502 of ERISA provides a federal forum for enforcement of the various duties imposed by ERISA. A suit may be brought to enjoin any act which violates ERISA or to obtain other appropriate relief to redress violations of ERISA and enforce the terms of the plan. Section 502 of ERISA expressly provides for the recovery of unpaid contributions, interest, double interest or liquidated damages, and attorneys' fees and costs.

18. Defendant's failure to make contractually obligated fringe benefit contributions violates ERISA.

WHEREFORE, plaintiff is entitled to all remedies under ERISA, including a

4

Judgment for the payment of $16,450.99 in unpaid contributions, interest, double interest or liquidated damages, and attorneys' fees and costs owed for work performed from December 31, 2015 to July 1, 2018.

## COUNT II

## BREACH OF THE CBA FOR FAILURE TO MAKE FRINGE BENEFIT CONTRIBUTIONS

19. Plaintiff incorporates by reference the preceding allegations of the Complaint.

20. Section 301(a) of the LMRA provides a federal forum to enforce labor contracts, including the contractual promise to pay fringe benefit contributions. Plaintiff is a third-party beneficiary of the CBA.

21. Defendant has breached the CBA by failing to pay pension contributions for bargaining unit work performed from December 31, 2015 to July 1, 2018.

22. As a third party beneficiary to the CBA, plaintiff is entitled to recover unpaid pension contributions, interest, double interest or liquidated damages, and attorneys' fees and costs.

WHEREFORE, plaintiff is entitled to all remedies for breach of the CBA, including but not limited to a Judgment for the payment of $16,450.99 in unpaid contributions, interest, double interest or liquidated damages, and attorneys' fees and costs owed for works performed from December 31, 2015 to July 1, 2018.

## COUNT III

## BREACH OF THE PPA
## FOR FAILURE TO SUBMIT TIMELY PAYMENTS

23. Plaintiff incorporates by reference the preceding allegations of the Complaint.

24. The PPA requires defendant to remit $23,426.01 by May 15, 2018. (Ex. 3).

25. Defendant breached the PPA when it failed to remit $2,895.01 in contributions by May 15, 2018.

WHEREFORE, plaintiff is entitled to all remedies under the PPA, including but not limited to a Judgment for the payment of $2,895.01 in unpaid contributions, plus interest and attorneys' fees.

/s/Lauren E. Crummel
Christopher P. Legghio (P27378)
Megan B. Boelstler (P79125)
Lauren E. Crummel (P73333)
Legghio & Israel, P.C.
Attorneys for Plaintiff
306 South Washington Avenue, Suite 600
Royal Oak, MI 48067-3837
248.398.5900
cpl@legghioisrael.com
mbb@legghioisrael.com
crummel@legghioisrael.com

Attorneys for Plaintiff

September 14, 2018